IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 15–mc–00168–WJM–KMT

L-3 COMMUNICATIONS CORPORATION, et al.,

    Plaintiffs,

v.

SERCO, INC.

    Defendant,

and

RANDALL WHITE,

    Non-Party Deponent Objector.

---

## ORDER

---

This matter is before the court on "Non-Party Randall White's Motion to Quash Subpoena and for Entry of Protective Order" [Doc. No. 1]. Plaintiff, L-3 Communications Corporation ("(L-3")), filed its response on October 2, 2015 ("Resp."). [Doc. No. 6.] The court also considers "Plaintiffs' Motion for Forthwith Consideration of Non-Party Randall White's Motion to Quash Subpoena and for Entry of Protective Order" [Doc. No. 7].

L-3 has served non-party Randall White with a subpoena for a deposition to be taken on October 7, 2015 in Denver, Colorado. (Mot., Ex. 1, Declaration of Randall White.) Mr. White claims that appearing for a deposition in connection with a case filed in the United States District Court for the Eastern District of Virginia ("Virginia case") would be unduly burdensome because

1) he has been deposed numerous times in District of Colorado case no. 10-cv-02868, and 2) he has a very heavy travel schedule associated with his work as the CEO of Jaxon Engineering & Maintenance, Inc., whose primary business is for the Department of Defense involving designing, testing and maintaining HEMP security systems at missile warning sites around the world.  (Decl. Randall White, ¶ 3.)  Notably, however, Mr. White will not be traveling out of state until the middle of October, 2015, so does not point to a specific travel conflict on October 7, 2015, the date scheduled for his Denver deposition.

The court is very knowledgeable about the underlying claims in the Colorado case, and therefore has more than the usual amount of information relevant to the Virginia case.  The court agrees with Plaintiff that

> Because of Mr. White's personal role as a former L-3 employee, later as a Jaxon employee, and a[n alleged] co-conspirator in the subterfuge between Serco and Jaxon to divert HEMP-work to Jaxon, he is a critical witness in the Virginia Action.

(Resp. at 6.)

Mr. White argues that, in order to minimize the burden on the company, L-3 should be required to depose Jaxon Engineering instead of individuals who are current employees of Jaxon. L-3, however, considered and rejected this request when made prior to the current court filings, stating, "L-3 does not believe that a 30(b)(6), even with Randy White as one of the designee(s), will get us what we need for trial."  (Mot., Ex. 2.)  L-3 argues now, "L-3 requires Mr. White's personal testimony regarding his own actions as an individual fact witness, not only while a Jaxon employee, but also as a former L-3 employee."  (Resp. at 6.).

> "Parties may seek information through a variety of discovery vehicles." *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 305 (D. Kan. 1996). Parties propounding discovery choose the discovery method to be used. In

> the absence of a request for protective order or of a valid objection against the chosen discovery method, the court generally does not interfere with the chosen method. The various methods are generally cumulative, rather than alternative or mutually exclusive. *Id*.

*Folsom v. Heartland Bank*, No. CIV.A.98-2308-GTV, 1999 WL 322691, at *3 (D. Kan. May 14, 1999).  In short, Mr. White does not have the right to insist that L-3 take a Rule 30(b)(6) deposition of Jaxon Engineering rather than obtaining his individual testimony.  The choice of discovery method is up to L-3.

Under Fed. R. Civ. P. 45, the Court should only quash a deposition subpoena if it would cause an "undue burden."  Where a non-party "has first-hand knowledge of facts relevant to the parties' claims and/or defenses" the non-party "must show extraordinary circumstances that present a particular and compelling need" for relief from the obligation to sit for deposition. *Klesch & Co. v. Liberty Media Corp.*, 217 F.R.D. 517, 524 (D. Colo. 2003).  Mr. White is certainly a witness with first-hand knowledge concerning the issues in the Virginia case.  L-3 states that the court orders in the Virginia case prohibit the use of Mr. White's testimony in previous depositions taken in the Colorado case if Serco was not present at the deposition. (Resp. at 8.)  Serco was not present for Mr. White's previous Colorado deposition(s).

Because Mr. White will likely be a critical witness in the Virginia case, and under that court's orders, the only way L-3 can present his essential testimony, together with any documents he must authenticate, to the Virginia jury is through Mr. White's deposition as procured by subpoena in the Virginia case.  L-3 has indicated that if Mr. White must be in travel status when his deposition is scheduled, L-3 will travel to Mr. White's location to take the

deposition.[1] Further, the court sees no relevance to the travel schedule of Mr. White's son, nor Ms. Rettig's illness to an argument that taking Mr. White's deposition is overly burdensome.

This court sees nothing overly burdensome about this properly noticed and subpoenaed deposition.

Therefore, it is **ORDERED**

1. "Non-Party Randall White's Motion to Quash Subpoena and for Entry of Protective Order" [Doc. No. 1] is **DENIED**.

2. "Plaintiffs' Motion for Forthwith Consideration of Non-Party Randall White's Motion to Quash Subpoena and for Entry of Protective Order" [Doc. No. 7] is **GRANTED**.

Dated October 5, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

---

[1] As noted, Mr. White does not indicate any travel plans for October 7, 2015 and his notice is for his deposition to be taken in Colorado, Mr. White's home state.