IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 15–mc–00168–WJM–KMT

L-3 COMMUNICATIONS CORPORATION, et al.,

    Plaintiffs,

v.

SERCO, INC.,

    Defendant.

and

RANDALL WHITE,

    Non-Party Deponent Objector.

───────────────────────────────────────────────

# ORDER

───────────────────────────────────────────────

    This matter is before the court on "Plaintiffs' Emergency Motion to Compel for Order to Show Cause Why Non-Party Randall White Should Not be Held in Contempt" (Mot. [Doc. No. 12]) filed October 9, 2010.  Plaintiffs seek an order awarding them costs and attorney's fees incurred in connection with Randall White's failure to appear for his subpoenaed deposition on October 7, 2015.

    On August 25, 2015, Plaintiffs propounded and served a deposition subpoena on Mr. White, calling for his appearance in Denver, Colorado on October 7, 2015.  (Mot., Ex. A, "White Subpoena.")  Mr. White then caused the opening of this case by filing a Motion to Quash that subpoena.  Serco did not object to the White Subpoena.  L-3 claims that it selected the date for

Mr. White's deposition because counsel for the parties would already be in Denver for the deposition of Donald Eich, which was to take place, and did take place, on October 6, 2016. (Mot., fnt. 2.) Two attorneys for Serco were scheduled to and did attend the Eich deposition. (*Id.*)

On October 5, 2015, this court denied Mr. White's Motion to Quash. [Doc. No. 10.] Both Mr. White's motion and the Court's Order were directed specifically at the deposition subpoena for an appearance in Denver by Mr. White on October 7, 2015. (Order at 2.) In fact, the timing of the Order was tied to the October 7, 2015 date in that a ruling by the court was required **prior to** date in the subpoena.

That said, however, the substance of the motion to quash and the Order denying it would have been the same for any date in October 2015, except for the Court's notation that Mr. White specifically did not claim to be out of state on October 7, 2015. (*Id.*)
L3 specifically told this court and opposing counsel that is was

> willing to reasonably accommodate Mr. White's travel. Mr. White has declared that he will be travelling to Michigan and Florida during October and to Cape Cod in November. L-3 is willing to take Mr. White's deposition in Colorado, Michigan, Florida, or Massachusetts and is also willing to take his deposition on a Saturday if it would reduce the burden on his work schedule. . . . Accordingly, L-3 is willing travel to Mr. White to take his deposition.

(Plaintiffs' Opposition to Non-party Randall White's Motion to Quash Subpoena and for Entry of Protective Order) [Doc. No. 6] at 11.) Clearly, the exact day of the deposition of Mr. White was not the primary concern of the motion nor of the court's Order.[1]

---

[1] The United States District Court for the Eastern District of Virginia has recently ordered the deposition of Mr. White to proceed on October 22, 2015 in Washington, D.C. (Non-Party Randall White's Opposition to Plaintiffs' Emergency Motion to Compel and for Order to Show

2

The court's Order was filed at 2:08 p.m. Mountain Standard Time, which was 4:08 p.m. on the east coast.[2]  At 4:44 p.m. EST, L-3's counsel, Benjamin Chew, sent an email to Mr. White's counsel, Lora Brzezynski, acknowledging receipt of the court's order and stating

> Based on your prior representations, we understand that Mr. White would prefer a date other than October 7 (day after tomorrow). *L-3 also would prefer an alternative date, especially in light of the logistical issues entailed in making that work.*  Please advise immediately of alternative dates during the weeks of October 12 and/or October 19. (Saturday the 17th and Saturday the 24th are available for us as well.)(emphasis added).

(Resp. Show Cause, Ex. 1 [Doc. No. 18-1] at 2.) Based upon the deposition of Mr. Gish which the parties were taking in Denver the following day, it is reasonable to infer that at least some of the counsel in this case and in the Virginia case were traveling during this time period.  Ms. Brzezynski responded to Mr. Chew's offer to select an alternative date for Mr. White's deposition at 10:46 p.m. the same evening, advising Mr. Chew that she and her client were conferring on available dates to re-schedule and she would get back to him the next day.  (*Id.*, Ex. 2 [Doc. No. 18-3] at 10.

Instead, at 7:42 a.m. the next day, October 6, 2015, Mr. Chew sent an email to Ms. Brzezynski complaining she had waited too long to respond and that he now intended to go forward with the deposition in Denver of Mr. White on October 7, 2015 "absent a new agreement." (*Id.*)  Before receiving a response to his early morning missive, at 9:10 a.m. Mr. Chew sent another email to Ms. Brzezynski stating, "We will be proceeding tomorrow with Mr. White's deposition as noticed." (*Id*. at 9.)  By 10:16 a.m. on October 6, 2015, Ms. Brzezynski proposed a firm date that would work for Mr. White and counsel and which was within the

---

Cause Why Non-Party Randall White Should Not be Held in Contempt ("Resp. Show Cause") [Doc. No. 18].)

[2] Both Mr. Chew and Ms. Brzezynski are officed in Washington, D.C.

discovery period set in the Virginia case, but which was outside the time frame proposed by L-3. (*Id*. at 8-9.)  Further, all counsel were advised that Serco, also, was unavailable on the October 7, 2015 original setting.  Ultimately, in a 12:54 p.m. email that same day, Ms. Brzezynski proposed three additional dates for Mr. White's deposition, two of which were within the time period originally proposed by Mr. Chew in his initial email seeking to re-schedule the October 7, 2015 deposition.  (*Id*. at 5.)  Had L-3 simply picked one of those two dates which its own counsel had originally proposed, this matter would have gone no further and additional fees and costs would not have been needlessly incurred by either side.

While the court understands the Plaintiffs' concern that they not waive the opportunity to depose Mr. White by failing to enforce their rights without a firm commitment from Mr. White's counsel to a continuance of the subpoena on another date, the court finds the instant motion for sanctions to be completely unreasonable given the posture of the case.  Even though the single date proposed by Mr. White initially was unacceptable to the Plaintiffs, a simple stipulation in writing between counsel that a date *would be* set for Mr. White's deposition between the dates stipulated, would have removed any claim of waiver or non-compliance with this court's order.  Far from misconduct warranting sanctions against Randall White and his counsel, I find that L-3 was engaging in improper gamesmanship when, after initiating the subject of postponing the deposition of Mr. White, it suddenly reversed course when it became clear that L-3 would gain a tactical advantage by so doing.

It is **ORDERED**

"Plaintiffs' Emergency Motion to Compel for Order to Show Cause Why Non-Party Randall White Should Not be Held in Contempt" [Doc. No. 12] is **DENIED**.

5

It is further **ORDERED**

"Non-Party Randall White's Motion for Leave to File Surreply to Plaintiffs' Emergency Motion to Compel and for Order to Show Cause Why Non-Party Randall White Should Not be Held in Contempt" [Doc. No. 22] is **DENIED**.

DATED this 23d day of October, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge